[Civ. No. 12985.   First Dist., Div. Two.   Dec. 20, 1946.]

MINOR R. LUNT et al., Respondents, v. ROSE BORIS et al., Appellants.

William Steinberg for Appellants.

Crist & Beene for Respondents.

GOODELL, J.—The respondents sued to establish their right to the possession of real property under the provisions

of a deed of trust after a default. The appellants filed a cross-complaint to quiet their title against the respondents and others. From a judgment awarding respondents possession and that appellants should take nothing by their cross-complaint this appeal was taken.

On January 2, 1942, respondents were the owners of a piece of improved real property in Soledad, 160 feet by 290 feet in area, known as the Soledad Auto Court. It was subject to a deed of trust securing an indebtedness of $15,000 to the Salinas National Bank. It was subject also to a second mortgage or deed of trust securing an indebtedness of approximately $9,000 to one Pagels. On that day respondents conveyed the property to Palo Alto Building Company, pursuant to an earlier agreement, for the price of $28,000. No money payment was made or intended. The vendee took title subject to said $15,000 deed of trust and to said $9,000 second mortgage and executed a deed of trust to the vendors securing a promissory note for the remaining $13,000. By the earlier agreement the vendee had undertaken to assume, as part of the purchase price, certain outstanding obligations, but this undertaking became integrated in the $13,000 secured note just mentioned.

The last mentioned deed of trust from the vendee, Palo Alto Building Company, to the vendors, respondents herein, was dated January 2, 1942, and was given to secure said note for $13,000, due on January 2, 1943, bearing interest at 6 per cent per annum. This deed of trust covered the auto court property and included also two parcels of land wholly separate from the auto court and not involved herein. Up to the entry of judgment no payment on principal or interest had been made on the $13,000 note, hence there was clearly a default, as the court found.

The court found that the deed of trust just discussed provides that in case of "a default in the payment of any sums agreed to be paid by said note, then the plaintiffs could enter into and upon said property and take possession thereof, operate, manage and control said property and conduct any business thereon, and perform such acts as might be necessary or proper to conserve the value thereof, and collect and receive the income therefrom." It was to establish and enforce this right to possession that this suit was brought. The prayer of the complaint asks for nothing beyond that except counsel fees.

On July 1, 1942, Palo Alto Building Company conveyed the auto court property to the appellants Gibson, Boris and Rose Boris who entered into possession. The court found that no consideration passed on this transaction; also that the Boris grantees took title subject to the bank's first deed of trust securing the $15,000 and that they took with knowledge that the second ($13,000) deed of trust, which had not then been recorded, had been given by their grantor, Palo Alto Building Company, to the respondents. There is ample evidence to support this finding for William J. McKillop, president of Palo Alto Building Company, testified that he told Rose Boris "the whole story, and the obligations against the property, $15,000 to the bank and $13,000 for this deed of trust" and his testimony was not contradicted.

The only controversy arises from the facts (1st) that the Pagels mortgage or deed of trust securing approximately $9,000 remains unsatisfied of record (junior, of course, to the first deed of trust for $15,000 held by the bank) and (2nd) that the $13,000 deed of trust, given by Palo Alto Building Company to the Lunts is outstanding at the same time. The appellants contend that the discharge of record of the Pagels $9,000 lien (which respondents agreed to cause to be cleared) is a condition precedent to any obligation resting on them to pay the $13,000 obligation. The respondents to the contrary contend that their obligation to clear off the Pagels' lien will arise only when the $13,000 is paid. The evidence indicates that it was contemplated by the parties before these appellants ever came into the picture that the Pagels $9,000 second mortgage or deed of trust was to be paid off out of the $13,000 for which Palo Alto Building Company gave the deed of trust.

With respect to this dilemma counsel for the respondents stated to the court that "There is no argument that this $13,-000 deed of trust is a duplication of the other deed of trust, and that is what I want to stipulate, if they will only stipulate they had knowledge of the $13,000 deed of trust, which also includes the Pagels deed of trust . . . and the Court can make its order that then we are to pay the Pagels deed of trust and any other liens of record at the time . . . [meaning at the time the Lunts conveyed to Palo Alto Building Company]. Now, we are willing to do that. I want to stipulate to that." This evoked from the court the observation: "Is not that a square deal, I should think it was."

This offer of counsel was adopted for in the judgment there will be found a provision for the clearing off of certain liens (which would include the Pagels lien) when the $13,000 note is paid.

It must be borne in mind *that this is purely a possessory action,* and no question of foreclosure is at all involved. The respondents brought this suit for possession because there had been a default in the payment of the $13,000 note and they invoked the provision of the deed of trust which entitled them to possession in such event. In this case the only issues were (1st) whether there had been such default, and (2nd) whether the appellants had, or were chargeable with, knowledge, actual or constructive, that the $13,000 deed of trust had been given by their predecessor. Notwithstanding the purely possessory character of the action and its narrow issues, the court made a declaration of the rights and duties of the parties, particularly with respect to the obligation of the respondents to clear off the Pagels lien whenever the $13,000 is paid. The appellants urge, however, that the judgment should be clarified so as to set forth *their* right to *re*possession when the $13,-000 obligation is paid. In this connection it should be observed that the court has found, ''That defendants own said fee subject to said deeds of trust executed for the benefit of Salinas National Bank and plaintiffs.''

That part of the judgment which, as we have said, is declaratory of the rights and duties of the parties, reads as follows:

''That upon the payment to plaintiffs of Thirteen Thousand Dollars ($13,000.00), with interest thereon at six per cent (6%) per annum from January 2, 1942, Three Hundred Fifty Dollars ($350.00) attorney's fees, such sums as might become due under the deed of trust securing such Thirteen Thousand Dollars ($13,000.00), and plaintiffs' costs herein, the plaintiffs shall clear said property of all liens and encumbrances, except taxes and assessments levied and/or assessed since January 2, 1942; conditions and restrictions affecting said property, if any; easements of record, if any; the deed of trust executed for the benefit of Salinas National Bank; and all liens and encumbrances placed on said property since January 2, 1942.''

The following, if added thereto, will render more complete such declaration of rights and duties:

''It is further ordered, adjudged and decreed that if and when the defendants Rose Boris and Gibson Boris perform all

the conditions on their part to be performed as hereinabove set forth, said plaintiffs Minor R. Lunt and Nellie T. Lunt, and all persons holding by, through or under them, shall thereupon deliver back to said defendants the possession of the real property hereinabove described.''

The trial court is directed to modify the judgment by adding thereto the provision last quoted. As so modified the judgment is affirmed, respondents to recover their costs on appeal.

Nourse, P. J., and Dooling, J., concurred.